(No. 1480— ▮▮▮▮▮▮▮

Judson P. Wetherby, Claimant, vs. State of Illinois, Respondent.

*Opinion filed September 13, 1939.*

M. D. Morahn, for claimant.

John E. Cassidy, Attorney General; Glenn A. Trevor, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

This cause now comes before the Court upon Supplemental Briefs and Arguments filed by claimant and respondent, respectively, on August 14, 1939, and August 4, 1939.

The claim was originally filed April 12, 1929, asking for an award for injuries suffered by claimant on September 20, 1928, while engaged in his duties as a Highway Engineer, Department of Public Works and Buildings of the State of Illinois. In an opinion filed May 19, 1929, appearing in Volume 6, Court of Claims Reports, page 290, an award of Four Thousand ($4,000.00) Dollars was granted to claimant. The Court there found that claimant up to that time had incurred medical, hospital and ambulance expense to the extent of Three Thousand Seven Hundred Ninety-four ($3,794.00) Dollars as a result of his injuries.

The accident occurred while claimant with others was supervising the blowing out of trees and stumps on a proposed right-of-way. A large piece of wood struck petitioner, knocking him down and breaking his right leg in ten places between the knee and the ankle and also breaking the ankle. Both large and small bones of the leg were broken and petitioner suffered a long series of operation and treatment in various hospitals. On April 10, 1931, claimant filed his further

petition in which he represented that he had received a permanent injury to his leg, and that since the payment of the award of Four Thousand ($4,000.00) Dollars he had necessarily incurred expenses in an effort to relieve and cure himself of the effects of his injury, in sums aggregating Three Thousand Six Hundred Thirty-four and 25/100 ($3,634.25) Dollars, for which he then sought a further award, together with such compensation for the period during which he had been unable to work as the court might see fit to grant. He further represented that the injured leg had not healed at that time and was still draining, and that such condition might continue for two years. On May 14, 1931, the court disallowed any additional claim, and in its Opinion stated as follows:

"This Court is of the opinion that some definite sum should be claimed and determined to cover the damages sustained by the Claimant. It would not seem fair that the State of Illinois as tax-payer should wait in suspense as to possible liability, and this Court is of the opinion that no recommendation should be made until the full and permanent liability of the State is established."

Thereafter, on January 11, 1933, a rehearing was granted. Claimant thereafter filed his amended statement on November 16, 1933, wherein it appears that of the amount of Three Thousand Six Hundred Thirty-four and 25/100 ($3,634.25) Dollars sought to be recovered by the amended petition of May 14, 1931, the State Highway Department had subsequently paid Two Thousand Four Hundred Twenty and 70/100 ($2,420.70) Dollars; that there remained due for money expended for hospitalization and medical care the sum of One Thousand Three Hundred Ninety-eight and 55/100 ($1,398.55) Dollars, plus other additional moneys which claimant has subsequently expended. Claimant contends that he has suffered a fifty (50) per cent loss of use of the right leg as a permanent disability and now seeks an award for such fifty (50) per cent total loss of use of the right leg and for the sum of One Thousand Three Hundred Ninety-eight and 55/100 ($1,398.55) Dollars for additional medical, surgical and hospital care paid out by him in seeking recovery.

It further appears from a Highway Departmental Report filed herein on September 17, 1938, that claimant was injured on September 20, 1928; that he returned to work on June 9, 1930; that during this entire period of disability of 20-19/30ths months he was paid his full salary in the amount

of Four Thousand Three Hundred Thirty-three ($4,333.00)
Dollars. He had no children under the age of sixteen years
at the time of the accident, and under the terms of the Work-
men's Compensation Act then in effect was entitled to receive
compensation at the rate of Fourteen ($14.00) Dollars per
week for 89-3/7ths weeks of temporary disability, amounting
to One Thousand Two Hundred Forty-six ($1,246.00) Dollars.
Claimant therefore received an over payment of temporary
disability compensation in the amount of Three Thousand
Eighty-seven ($3,087.00) Dollars.

The compensable sum for the loss of use of a leg is fifty
(50) per cent of the average weekly wage for a period of 190
weeks. Under claimant's contention and the evidence in sup-
port thereof, for a fifty (50) per cent loss of use of such right
leg, claimant would be entitled to the sum of One Thousand
Three Hundred Thirty ($1,330.00) Dollars. A tabulation of
the sums which claimant has received and to which he might
have been entitled is as follows:

Surgical and hospital expense prior to May 8, 1929..................$3,794.00
Paid by Respondent under award................................ 4,000.00
Subsequent bills incurred for medical care......................... 3,634.25
Paid to Claimant by Highway Department for medical expense...... 2,711.30
Balance of medical and hospital expense for which Claimant has not
   been directly repaid......................................... 716.95

According to the Departmental Report, he was further
entitled to 89-3/7ths weeks temporary total disability at
Fourteen ($14.00) Dollars per week, or One Thousand Two
Hundred Forty-six ($1,246.00) Dollars. He has heretofore
been paid wages in full for non-productive time for
20-19/30ths months, or Four Thousand Three Hundred
Thirty-three ($4,333.00) Dollars, or an over payment of
Three Thousand Eighty-seven ($3,087.00) Dollars. If an
award were granted to him for a fifty (50) per cent loss of
use of his right leg in the sum of One Thousand Three Hun-
dred Thirty ($1,330.00) Dollars, and for the further sum of
Seven Hundred Sixteen and 95/100 ($716.95) Dollars, balance
of medical care for which he has not previously been directly
reimbursed, said two items would amount to Two Thousand
Forty-six and 95/100 ($2,046.95) Dollars, which sum sub-
tracted from the over payment heretofore made to him of
wages chargeable as compensation still leaves an over pay-
ment to him of One Thousand Forty and 05/100 ($1,040.05)
Dollars.

This court is charged with the duty of administering the provisions of the Workmen's Compensation Act in matters pertaining to State employees. We are charged with determining the rights of claimants under the limitations of that Act. There is no basis upon which we can legally justify making an award for additional payment of funds to an employee, however grievously injured, when the record discloses that such employee has already received from the State an amount in excess of what his rights would entitle him to under the provisions of the Workmen's Compensation Act. He seeks his award by virtue of that Act, and he and the court must be governed by its provisions. Any further award is hereby denied and the claim dismissed.